## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tamara York-Tallman, et al., | Case No. 19-cv-3086 (ECT/ECW) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Tamara York-Tallman's application for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Dkt. 2.) Typically, the Court considers the IFP application before any other action may be taken, however where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a

claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

York-Tallman's Complaint is almost impossible to understand.[1]  Although York-Tallman makes numerous assertions about her citizenship and perhaps about a birth

---

[1]   For example, York-Tallman specifically wrote:

> Having recently undergone the extreme duress of a major medical trauma commonly known as childbirth, and under the influence of painkillers, being anxious to go home to her comfortable bed, in order to pursue a happy life with her beautiful, new born baby.  She unknowingly filled out some dubious and unexplained forms put before her.  By the presumptive Tacit agreement of government she was coerced into signing them an "informant", (one who gives someone up) and as a citizen, as a person, as a resident by historical definitions of a "city employee", a "dead legal entity of office of person", and "as someone there temporary to do business".  And…My innocent mother thus failing to recognize the lifelong consequences of her actions as there was no "Full and Honest Disclosure" nor any "Meeting of the Minds" which surely vitiates any contract.  This form my mother signed was fraudulently used to create a document of title, a bond, a Insured Security, and was then sent to the Department of Human

certificate for herself or a newborn child, her claims assert no identifiable wrong, and there is no reason from the few allegations in the Complaint to believe that York-Tallman has been legally harmed. The Complaint simply does not contain a viable claim for relief. York-Tallman's Complaint was classified by the Clerk of Court as an action brought under 42 U.S.C. § 1983. To the extent she asserts claims pursuant to Section 1983, the only named defendant—the State of Minnesota—is not subject to a Section 1983 suit because it is protected by Eleventh Amendment immunity. *See e.g. Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63-64 (1989) (a state is not a person subject to suit under Section 1983); *Larson v. Kempker,* 414 F.3d 936, 939 n.3 (8th Cir. 2005) (Section 1983 does not abrogate a state's immunity). Thus, the Court finds it appropriate to recommend dismissal of all claims to the extent they are based on Section 1983.

This Court also notes that York-Tallman mentioned chapter 13 bankruptcy and Minnesota Statute 325C.05 (regarding Trade Secrets) on her civil cover sheet. To the extent that York-Tallman seeks a chapter 13 bankruptcy payment plan for some type of debt, her pleading and the attached exhibits are too vague for this Court to understand what precisely she seeks. The bankruptcy court may be a valuable resource because they more frequently deal with chapter 13 proceedings and are familiar with the parameters for creating and approving a payment plan. *See e.g. Hamilton v. Lanning*, 560 U.S. 505 (2010) (discussing financial calculations involved in crafting a chapter 13 payment plan).

---

Resources registered as human capital, Slavery jointly by the foundling Hospital and by the STATE.
(Dkt. 1 at 13-14.)

3

While referral of a chapter 13 claim to bankruptcy court may be possible under certain circumstances, *see* 28 U.S.C. § 157, because York-Tallman's claims are incomprehensible, the Court recommends dismissal without prejudice of any such claims.

Finally, the Minnesota statutory claim cannot proceed here on its own because this Court will not exercise supplemental jurisdiction over a state cause of action if no federal claim remains in the lawsuit. A court should decline to exercise supplemental jurisdiction over a state law claim when all claims over which the court has original jurisdiction are dismissed. *See Clark v. Roy*, No. 13-cv-2849 (MJD/HB), 2015 WL 1179380, at *3 (D. Minn. Mar. 13, 2015); *see also* 28 U.S.C. § 1367(c)(3). Here, because the Court recommends dismissal of the potential federal claims, the Court also recommends declining supplemental jurisdiction over any Minnesota statutory claim.

For all of these reasons, it is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The case be hereby **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* (Dkt. 2) be **DENIED** as moot.

Dated: January 24, 2020

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).